IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. _____ |
| v. | ) ) | |
| DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendants, Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc., hereby allege as follows:

## <u>NATURE OF THE ACTION</u>

1.    This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of an Abbreviated New Drug Applications ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent Nos. 7,713,938 and/or 9,949,998.

**THE PARTIES**

2.     Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.     Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4.     Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5.     BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.     On information and belief, Defendant Dr. Reddy's Laboratories Ltd. ("DRL Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at 8-2-337 Road No. 3, Banjara Hills, Hyderabad, 500034, India.

7.     On information and belief, DRL Ltd. controls and directs a wholly owned subsidiary in the United States named Dr. Reddy's Laboratories, Inc. ("DRL Inc."). DRL Inc. is a New Jersey corporation having a principal place of business at 107 College Road East, Princeton, New Jersey 08540.

8.     On information and belief, DRL Inc. is acting on behalf of, at the direction, and for the benefit, of DRL Ltd., and is controlled and/or dominated by DRL Ltd. with respect to ANDA No. 212336.

9.     DRL Ltd. and DRL Inc. are collectively referred to hereinafter as "DRL."

10.    On information and belief, DRL Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, including DRL Inc., from which DRL Ltd. derives a substantial portion of its revenue.

11.    On information and belief, DRL Ltd. acted in concert with DRL Inc. to prepare and submit ANDA No. 212336 (the "DRL ANDA") for DRL Ltd.'s 10 mg and 25 mg empagliflozin tablets ("DRL ANDA Products").

12.    On information and belief, DRL Ltd. acted in concert with DRL Inc. to prepare and submit the DRL ANDA for the DRL ANDA Products, which was done at the direction of, under the control of, and for the direct benefit of DRL Ltd. Following FDA approval of the DRL ANDA, DRL Ltd. will manufacture and supply the approved generic product to DRL Inc., which will then market and sell the products throughout the United States at the direction, under the control, and for the direct benefit of DRL Ltd.

## JURISDICTION AND VENUE

13.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14.    Venue is proper in this Court because, among other things, each Defendant is a foreign corporation or the agent of a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c). Moreover, DRL has litigated previous Hatch-Waxman patent infringement disputes in the District of Delaware.

3

### PERSONAL JURISDICTION OVER DRL LTD.

15. Plaintiffs reallege paragraphs 1-14 as if fully set forth herein.

16. On information and belief, DRL Ltd. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

17. This Court has personal jurisdiction over DRL Ltd. because, *inter alia*, DRL Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute DRL Ltd. infringing ANDA Products to residents of this State upon approval of ANDA No. 212336, either directly or through at least one of its wholly-owned subsidiaries or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through DRL Inc.; and (4) wholly owns DRL Inc., which is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation.

18. On information and belief, DRL Ltd. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Onyx Therapeutics, Inc. v. Dr. Reddy's Labs, Inc.*, C.A. No. 17-1811-LPS (D. Del.).

19. Alternatively, to the extent the above facts do not establish personal jurisdiction over DRL Ltd., this Court may exercise jurisdiction over DRL Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) DRL Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) DRL Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed

4

throughout the United States, such that this Court's exercise of jurisdiction over DRL Ltd. satisfies due process.

## PERSONAL JURISDICTION OVER DRL INC.

20.     Plaintiffs reallege paragraphs 1-19 as if fully set forth herein.

21.     On information and belief, DRL Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

22.     This Court has personal jurisdiction over DRL Inc. because, *inter alia*, DRL Inc., on information and belief: (1) is registered as a pharmacy wholesaler and controlled substances distributor/manufacturer with the Delaware Division of Professional Regulation; (2) is controlled by DRL Ltd. and is acting on behalf of DRL Ltd. with respect to the DRL ANDA; (3) intends to market, sell, or distribute DRL's ANDA Products to residents of this State; (4) makes its generic drug products available in this State; and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

23.     On information and belief, DRL Inc. has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Onyx Therapeutics, Inc. v. Dr. Reddy's Labs, Inc.*, C.A. No. 17-1811-LPS (D. Del.).

## BACKGROUND

### U.S. PATENT NO. 7,713,938

24.     On May 11, 2010, the USPTO duly and legally issued United States Patent No. 7,713,938 ("the '938 patent") entitled "Crystalline form of 1-chloro-4-(β-D-glucopyranos-1-yl)-2-[4-((S)-tetrahydrofuran-3-yloxy)-benzyl]-benzene, a method for its preparation and the use thereof for preparing medicaments" to inventors Frank Himmelsbach, Sandra Schmid, Martin

5

Schuehle, Hans-Jürgen Martin, and Matthis Eckhardt. A true and correct copy of the '938 patent is attached as Exhibit 1. The '938 patent is assigned to BII. BIC and BIPI are licensees of the '938 patent.

## U.S. PATENT NO. 9,949,998

25.      On April 24, 2018, the USPTO duly and legally issued United States Patent No. 9,949,998 ("the '998 patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '998 patent is attached as Exhibit 2. The '998 patent is assigned to BII. BIC and BIPI are licensees of the '998 patent.

## JARDIANCE®

26.      BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

27.      JARDIANCE® is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") as having New Chemical Exclusivity until August 1, 2019.

28.      Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '938 and '998 patents are among the patents listed in the Orange Book with respect to JARDIANCE®.

29.      The '938 and '998 patents cover the JARDIANCE® product and its use.

## ACTS GIVING RISE TO THIS ACTION

### COUNT I—INFRINGEMENT OF THE '938 PATENT

30.      Plaintiffs reallege paragraphs 1-29 as if fully set forth herein.

6

31. On information and belief, DRL submitted the DRL ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the DRL ANDA Products.

32. DRL has represented that the DRL ANDA refers to and relies upon the JARDIANCE® NDA, and contains data that, according to DRL, demonstrate the bioavailability or bioequivalence of the DRL ANDA Products to JARDIANCE®.

33. Plaintiffs received a letter from DRL on or about October 1, 2018 stating that DRL had included a certification in the DRL ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '938 and '998 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the DRL ANDA Products (the "DRL Paragraph IV Certification"). DRL intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the DRL ANDA Products prior to the expiration of the '938 and '998 patents.

34. DRL has infringed at least one claim of the '938 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the DRL ANDA, by which DRL seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the DRL ANDA Products prior to the expiration of the '938 patent.

35. DRL has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the DRL ANDA Products in the event that the FDA approves the DRL ANDA. Accordingly, an actual and immediate controversy exists regarding DRL's infringement of the '938 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

36. DRL's manufacture, use, offer to sell, or sale of the DRL ANDA Products in the United States or importation of the DRL ANDA Products into the United States during the term

of the '938 patent would further infringe at least one claim of the '938 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

37.    On information and belief, the DRL ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '938 patent either literally or under the doctrine of equivalents.

38.    On information and belief, the use of the DRL ANDA Products constitutes a material part of at least one of the claims of the '938 patent; DRL knows that the DRL ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '938 patent, either literally or under the doctrine of equivalents; and the DRL ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

39.    On information and belief, the offering to sell, sale, and/or importation of the DRL ANDA Products would contributorily infringe at least one of the claims of the '938 patent, either literally or under the doctrine of equivalents.

40.    On information and belief, DRL had knowledge of the '938 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '938 patent, either literally or under the doctrine of equivalents.

41.    On information and belief, the offering to sell, sale, and/or importation of the DRL ANDA Products by DRL would actively induce infringement of at least one of the claims of the '938 patent, either literally or under the doctrine of equivalents.

42.    Plaintiffs will be substantially and irreparably harmed if DRL is not enjoined from infringing the '938 patent.

43.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

44.    On information and belief, based on the information provided by DRL to date, the factual contentions in paragraphs 34-43 have evidentiary support. On information and belief, the factual contentions in paragraphs 34-43 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

## COUNT II—INFRINGEMENT OF THE '998 PATENT

45.    Plaintiffs reallege paragraphs 1-44 as if fully set forth herein.

46.    DRL has infringed at least one claim of the '998 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the DRL ANDA, by which DRL seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the DRL ANDA Products prior to the expiration of the '998 patent.

47.    DRL has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the DRL ANDA Products in the event that the FDA approves the DRL ANDA. Accordingly, an actual and immediate controversy exists regarding DRL's infringement of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

48.    DRL's manufacture, use, offer to sell, or sale of the DRL ANDA Products in the United States or importation of the DRL ANDA Products into the United States during the term of the '998 patent would further infringe at least one claim of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

49.    On information and belief, the DRL ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '998 patent either literally or under the doctrine of equivalents.

50.    On information and belief, the use of the DRL ANDA Products constitutes a material part of at least one of the claims of the '998 patent; DRL knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

51.    On information and belief, the offering to sell, sale, and/or importation of the DRL ANDA Products would contributorily infringe at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

52.    On information and belief, DRL had knowledge of the '998 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

53.    On information and belief, the offering to sell, sale, and/or importation of the DRL ANDA Products by DRL would actively induce infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

54.    On information and belief, DRL does not deny that the DRL ANDA Products will infringe the claims of the '998 patent and in the DRL Paragraph IV Certification, DRL did not deny that the DRL ANDA Products will infringe the claims of the '998 patent.

55. Plaintiffs will be substantially and irreparably harmed if DRL is not enjoined from infringing the '998 patent.

56. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against DRL and for the following relief:

a. A Judgment be entered that DRL has infringed at least one claim of the '938 and/or '998 patents by submitting the DRL ANDA;

b. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

c. That DRL, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '938 and/or '998 patents, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '938 and/or '998 patents or such other later time as the Court may determine;

d. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of DRL's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '938 and/or '998 patents, including any extensions;

e.    That Boehringer be awarded monetary relief if DRL commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or any other product that infringes or induces or contributes to the infringement of the '938 and/or '998 patents, within the United States, prior to the expiration of those patents, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f.    Costs and expenses in this action; and

g.    Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

November 12, 2018